**COGBURN LAW OFFICES**
JAMIE S. COGBURN, ESQ.
Nevada State Bar No. 008409
Jsc@cogburnlaw.com
LARSON A. WELSH, ESQ.
Nevada Bar No. 12517
lwelsh@cogburnlaw.com
2879 St. Rose Parkway, Suite 200
Henderson, Nevada 89052
Tel: (702) 384-3616
Fax: (702) 943-1936
Attorneys for Plaintiff Anne Vicuna

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANNE VICUNA, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br><br><br>RAUSCH, STURM, ISRAEL, ENERSON & HORNIK, LLC, a foreign corporation<br><br>Defendants. | Case No:<br><br>**COMPLAINT** |

Anne Vicuna ("Plaintiff"), by and through her counsel of record, Cogburn Law Offices, hereby files her Complaint against Rausch, Sturm, Israel, Enerson & Hornik, LLC ("Defendants") as follows:

**I.**

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts.

/ / /

/ / /

1

## II.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d). Venue is proper in this District Court, particularly its unofficial southern district, pursuant to 28 U.S.C. § 1391(b) as the subject matter of the alleged debt is located in Clark County, Nevada.

## III.

## PARTIES

3. Plaintiff is a natural persons who resides in Clark County, Nevada.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

## IV.

## FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

    a. Engaging in conduct of which the natural consequence is to harass, oppress, or abuse, including sending communications attempting to collect on a debt for a mortgage relating to a residence that was paid at the closing of escrow. (§1692d(2)(5)); Ms. Vicuna conveyed her home through a short sale method. As such, any communications regarding debt they owes relating to this property serve only to harass as Ms. Vicuna's debt was settled as part of the short sale.

      b.   Making false and misleading representations regarding the character and status of the debt (§1692(e)(2)(A));  the representations set forth in the initial communication are false in regards to Ms. Vicuna owing a debt as Ms. Vicuna's mortgage was discharged pursuant to the terms and conditions of the short sale for the residence.

      c.   Using unfair or unconscionable means against our clients in connection with an attempt to collect a debt (§1692(f)); such as sending correspondences to our clients alleging our client owes payment to you for a mortgage on a residences that was previously transferred as part of a short-sale.

8. Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's right to privacy, causing injury to Plaintiff's feelings, mental anguish and distress.

9. Defendant's aforementioned violations of the FDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person.  With respect to these activities of Defendant, Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

11. As a direct and proximate cause of the acts described above, Plaintiff has sustained and suffered damages.

12. The Defendant's conduct as alleged herein was willful, intentional, oppressive, fraudulent, malicious, and done in reckless disregard of the safety rights of Plaintiff, thereby warranting the imposition of punitive damages.

13. Plaintiff has been forced to retain the services of legal counsel, and Plaintiff is entitled to an award of reasonable attorneys' fees.

///

## COUNT II: COMMON LAW INVASION OF
## PRIVACY BY INTRUSION

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. As a direct and proximate cause of the acts described above, Plaintiff has sustained and suffered damages.

16. The Defendant's conduct as alleged herein was willful, intentional, oppressive, fraudulent, malicious, and done in reckless disregard of the safety rights of Plaintiff, thereby warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendant, on all counts, for the following:

1. Declaratory judgment that Defendant's conduct violated the FDCPA;
2. Actual damages;
3. Statutory damages;
4. Punitive damages;
5. Costs and reasonable attorneys' fees; and
6. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), 42 U.S.C. §1982(a)(c)(1) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a trial by jury.

Dated this 15th day of March, 2013

**COGBURN LAW OFFICES**

By:/s/ Larson A. Welsh, Esq.
   Jamie S. Cogburn, Esq.
   Nevada State Bar No.: 8409
   Larson A. Welsh, Esq.
   Nevada Bar No.: 12517
   2879 St. Rose Parkway, Suite 200
   Henderson, Nevada 89052
   Attorneys for Plaintiff